# EXHIBIT A-1

FILED
8/27/2025 4:48 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Fernando X Mendoza DEPUTY

1CIT-ESERVE
JURY DEMAND

Cause No. DC-25-20484

| | | |
|---|---|---|
| MARLON DUANE WALLACE<br>Plaintiff, | § § § | DISTRICT COURT |
| v. | § § | DALLAS COUNTY, TEXAS |
| STANLEY BLACK & DECKER, INC.<br>Defendants. | § § § | 14th JUDICIAL DISTRICT |

## PLAINTIFFS ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff requests that citation be issued immediately upon filing.

Plaintiff MARLON DUANE WALLACE files this Original Petition against Defendant STANLEY BLACK & DECKER, INC. and respectfully shows:

### I. DISCOVERY CONTROL PLAN AND JURY DEMAND

1. Plaintiff intends discovery under Level 2 of Rule 190, Texas Rules of Civil Procedure, and demands a trial by jury. The appropriate fee has been tendered.

### II. PARTIES AND SERVICE

2. Plaintiff is an individual residing in Texas.

3. Defendant Stanley Black & Decker, Inc. is a foreign corporation authorized to do business in Texas. It may be served with process through its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701-3136, or wherever it may be found in the State of Texas. Service is requested by certified mail or by private process server under Rule 103, Tex. R. Civ. P., on any managing or

general agent or other person authorized by appointment or law to receive service, pursuant to Rules 106 and 108.

### III. JURISDICTION AND VENUE

4. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

5. Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code §§ 15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this action occurred at Defendant's facility located at 12827 Valley Branch Lane, Farmers Branch, Texas 75234, within Dallas County. Defendant maintains a principal office and conducts substantial business operations in this County.

6. To the extent Defendant contends otherwise, Plaintiff pleads in the alternative that venue is proper in any county where Defendant maintains a principal office or where the cause of action arose. Plaintiff expressly pleads that transfer of venue would prejudice the convenience of witnesses and interests of justice. Plaintiff affirmatively pleads that this Court has personal jurisdiction over Defendant because Defendant purposefully avails itself of the privilege of conducting business in Texas.

### IV. FACTUAL BACKGROUND

7. Plaintiff was employed full-time by Defendant at its Farmers Branch facility under supervisor Thomas Varghese at an hourly rate of 21.66 dollars, approximately 40 hours per week.

8. On March 10 2025, while operating Machine A, a jammed part caused Plaintiff to manipulate a release switch while pulling the piece. Contact with an adjacent button triggered the cutting head, which activated and severed his finger although the machine was off. Defendant failed to implement lockout and tagout procedures for the hydraulic system.

9. Plaintiff immediately reported the injury to HR representative Vidide. Rather than provide prompt emergency care, Defendant required a drug test and delayed hospital transport for nearly two hours. The delay aggravated the injury, resulting in permanent impairment.

10. In 2023 Plaintiff complained about chemical exposure near his workstation that caused coughing and eye irritation. Management ignored these complaints. After an OSHA filing, Plaintiff suffered two strokes and remains under medical monitoring.

11. After the March 2025 injury, Plaintiff was treated with hostility, monitored by security, and subjected to unequal treatment because of his race, national origin, and disability. Plaintiff repeatedly complained to supervisors Laura Cisneros, Kevin Cox, and Matthew Truitt, but no corrective action was taken.

12. On July 21 2025, one day after returning from injury leave, Defendant terminated Plaintiff. The termination was motivated by retaliation for his workers compensation claim and protected complaints, and by discriminatory animus based on race, national origin, and disability.

13. Defendant also failed to pay Plaintiff wages for time missed due to injury and three weeks of accrued vacation.

14. Plaintiff filed a timely EEOC Charge No. 450-2025-10284 and received a Notice of Right to Sue on July 29, 2025. Plaintiff has fully complied with or exhausted all administrative prerequisites to suit under state and federal law.

## V.  CAUSES OF ACTION

### A. Retaliation for Filing Workers Compensation Claim

15. Defendant violated Texas Labor Code §451.001 by terminating Plaintiff for filing a workers compensation claim in good faith. Defendant's conduct was willful and malicious, entitling Plaintiff to actual and exemplary damages, front pay, and attorney fees..

### B. Discrimination on the Basis of Race, National Origin, and Disability

16. Defendant discriminated against Plaintiff in violation of Chapter 21 of the Texas Labor Code and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. Plaintiff seeks back pay, compensatory and punitive damages, attorney fees, costs, and equitable relief.

### C. Retaliation Under Title VII and Chapter 21

17. Defendant retaliated against Plaintiff for engaging in protected activity and opposing unlawful employment practices, in violation of 42 U.S.C. § 2000e-3(a) and Tex. Lab. Code § 21.055. Plaintiff seeks all damages and remedies allowed by law.

### D. Intentional Infliction of Emotional Distress (in the alternative)

18. In the alternative and only if statutory remedies are deemed inadequate, Defendant's conduct was extreme and outrageous and intentionally caused Plaintiff severe emotional distress.

## VI. DAMAGES AND TOLLING PRESERVATION

19. Plaintiff affirmatively pleads that total damages sought exceed $250,000 but are less than $1,000,000, exclusive of interest and costs, in accordance with Rule 47(c), Texas Rules of Civil Procedure.

20. Plaintiff seeks the following categories of damages, all within this Court's jurisdictional limits:

a) Past lost wages and benefits of approximately 11,263 dollars;

b) Future lost wages and benefits of approximately 54,063 dollars;

c) Unpaid vacation of approximately 2,599 dollars;

d) Medical and rehabilitative expenses of approximately 150,000 dollars;

e) Non-economic damages for pain, suffering, and mental anguish of approximately 175,000 dollars;

f) Exemplary damages of approximately 125,000 dollars;

g) Attorney fees and litigation costs as provided by statute; and

h) Pre-judgment and post-judgment interest as allowed by law.

21. Plaintiff pleads that all statutes of limitations have been tolled by Defendant's continuing violations, concealment, and by the pendency of administrative proceedings before the EEOC. Plaintiff further invokes the continuing-violation doctrine for discriminatory and retaliatory acts that occurred over a period extending into the statutory window.

## VII. CONDITIONS PRECEDENT

22. All conditions precedent to Plaintiff's claims have occurred, been performed, or have been waived.

## VIII. PRESERVATION OF FEDERAL CLAIMS

23. To the extent any claim falls within concurrent federal jurisdiction, Plaintiff expressly reserves the right to remove or pursue the same in federal court without prejudice.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests citation and that Defendant be cited to appear and answer herein, and that upon final trial by jury Plaintiff recover:

1. Judgment for all actual damages including past and future wages and benefits;
2. Judgment for unpaid vacation;
3. Judgment for compensatory, mental anguish, and physical impairment damages;
4. Exemplary damages;
5. Attorney fees, costs, and interest;
6. Front pay; and
7. All further relief, legal or equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Sergio A. Bello*

**GALLARDO LAW FIRM**
5847 San Felipe St, Suite 650
Houston, TX 77057
Telephone: (713) 587-6370
Email: civilgh@gallardolawyers.com
By: /s/ Sergio A. Bello
**Sergio A. Bello**
State Bar No. 24080786
**Attorney for Plaintiff**
**Marlon Duane Wallace**