IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARLON DUANE WALLACE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:26-cv-00266-N-BT |
| | § | |
| STANLEY BLACK & DECKER, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Stanley Black & Decker Inc.'s Partial Motion to Dismiss (ECF No. 5), asking the Court to dismiss some of Plaintiff Marlon Wallace's claims under Title VII and Chapter 21 of the Texas Labor Code (TCHRA) because Plaintiff did not exhaust his administrative remedies. Plaintiff did not file a response, and, at a June 24, 2026 hearing on Defendant's Motion, Plaintiff stated that he did not oppose dismissing those claims for the reasons explained in Defendant's Motion. Therefore, because the undisputed record shows that Plaintiff failed to exhaust these claims, and because Plaintiff confirmed on the record that he does not oppose their dismissal, the District Judge should **GRANT** the Motion and **DISMISS** Plaintiff's disability, national origin, and retaliation claims under Title VII and the TCHRA.

I.

Plaintiff was working for Defendant when he suffered a workplace injury in March 2025. *See* Original Pet. ¶ 8 (ECF No. 1-2). Plaintiff alleges that Defendant delayed taking him to the hospital, which worsened his injury and caused permanent impairment. *See id.* ¶ 9. After his injury, Defendant treated Plaintiff with hostility and subjected him to increased scrutiny. *See id.* ¶ 11. Plaintiff complained to his supervisors, but they took no corrective action. *See id.* Defendant then fired Plaintiff on July 21, 2025, one day after he returned from injury leave. *See id.* ¶ 12.

Following his termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and later received a Notice of Right to Sue. *See id.* ¶ 14. In his EEOC charge, Plaintiff checked only the box for race discrimination:

| | |
|---|---|
| **Why you think you were discriminated against?** | Race ☑ Color ☐ Religion ☐ Sex ☐ National Origin ☐ Age ☐ Pregnancy ☐<br>Disability ☐ Genetic Information ☐ Retaliation ☐ Other ☐(*specify*) |

*See* App., Ex. A, EEOC Charge at 1 (ECF No. 6-1).[1] And in the narrative section of the charge, Plaintiff stated that he believed Defendant's actions were racially motivated because he was the only black male in his department. *See id* at 2.

[1] The Court may properly consider Plaintiff's EEOC charge, as Defendant attached a copy of the charge to its Motion to Dismiss, Plaintiff referred to the charge in his complaint, *see* Original Pet. ¶ 14, and it is central to his claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000).

Plaintiff further explained that he was treated differently from "an Asian male" who suffered a similar injury in December 2024. *See id.*

On October 27, 2025, Plaintiff—through counsel—filed this lawsuit in state court asserting claims for (1) Title VII and TCHRA retaliation and discrimination based on race, national origin, and disability, (2) retaliation under Texas Labor Code § 451.001, and (3) intentional infliction of emotional distress. *See generally* Original Pet. (ECF No. 1-2). Defendant timely removed this action to federal court, filed an answer, and now moves to dismiss Plaintiff's retaliation and national origin and disability discrimination claims under Title VII and the TCHRA, arguing that Plaintiff failed to exhaust administrative remedies with respect to those claims. *See* Not. Removal (ECF No. 1); Answer (ECF No. 7); Mot. Dismiss (ECF No. 5). Plaintiff did not file a response to Defendant's Motion.

II.

Before suing under Title VII or the TCHRA, an employee must exhaust his administrative remedies by filing a charge of discrimination with the EEOC or the Texas Workforce Commission. *See, e.g.*, *Mack v. John L. Wortham & Son, L.P.*, 541 F. App'x 348, 358 (5th Cir. 2013); *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 488 (Tex. 1991). "The purpose of this exhaustion doctrine is to facilitate the [EEOC]'s investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018) *aff'd*, 587 U.S. 541 (2019). To that end, a plaintiff seeking to sue under Title VII or the TCHRA may only bring claims which "can

reasonably be expected to grow out of" the EEOC charge they submitted. *See, e.g.*, *Young v. City of Houston*, 906 F.2d 177, 179 (5th Cir. 1990). To determine whether a claim asserted in a lawsuit "can reasonably be expected to grow out of" the EEOC charge, courts in this circuit perform a "fact-intensive analysis of the statement . . . in the [EEOC] charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006).

A plaintiff's failure to exhaust his Title VII or TCHRA claims is not a jurisdictional defect. *Davis*, 587 U.S. at 543-44; *In re United Services Auto. Ass'n*, 307 S.W.3d 299, 310 (Tex. 2010). Instead, a failure to exhaust "is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307. Here, Defendant raised Plaintiff's failure to exhaust as an affirmative defense in its Answer. *See* Answer ¶ 5 (ECF No. 7) ("Some of Plaintiff's claims are barred because Plaintiff failed to exhaust administrative remedies or satisfy administrative prerequisites to filing.").

III.

At the June 24 hearing on Defendant's Motion, Plaintiff, who is now representing himself, stated on the record that he does not oppose Defendant's Motion or object to dismissal of his disability, national origin, and retaliation claims under Title VII and the TCHRA. He also did not dispute that he failed to exhaust his administrative remedies as to those claims.

The undersigned has independently reviewed Plaintiff's EEOC charge and concludes that Plaintiff did not exhaust his disability, national origin, or retaliation claims under Title VII and the TCHRA.

Plaintiff checked only the box for race discrimination, identifying race as the sole basis for his charge. *See* EEOC Charge at 2. And in the narrative section, Plaintiff stated that he believed Defendant's failure to take him directly to the hospital was "racially motivative [sic] due to [him] being the only black male in [his] department." *Id.* Plaintiff further alleged that Defendant treated "an Asian male" differently by calling an ambulance when that employee "was hurt much like [Plaintiff] was." *Id.*

But nothing in the charge mentions Plaintiff's national origin or suggests any discrimination on that basis. *See id.* Nor does the charge discuss disability discrimination. *See id.* Although the charge describes Plaintiff's workplace injury, it does not allege that Plaintiff had a qualifying disability, that Defendant regarded Plaintiff as disabled, that Defendant discriminated against Plaintiff because of a disability, or that Defendant denied Plaintiff any accommodation. *See id.*

Plaintiff's charge also does not use the word "retaliation." The charge mentions that Plaintiff "made a complaint . . . the day [he] was hurt." *See id.* (emphasis added). But Plaintiff's "complaint" was that Defendant did not call him an ambulance and instead took him to a clinic rather than directly to the hospital—not that Defendant was discriminating against him because of his race. *See id.* The charge contains no allegation that Plaintiff opposed an unlawful employment practice, filed an internal discrimination complaint, or engaged in any other activity protected by Title VII or the TCHRA before he was fired. *See id.*

Accordingly, both Plaintiff's EEOC charge and his statements at the June 24 hearing establish that Plaintiff failed to exhaust his administrative remedies with respect to his disability, national origin, and retaliation claims under Title VII and the TCHRA. The District Judge should therefore **GRANT** Defendant's Partial Motion to Dismiss (ECF No. 5) and **DISMISS** those claims.

**SO RECOMMENDED.**

July 2, 2026.

HON. R. RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).